**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

|  |  |
|---|---|
| MICHAEL DANTZLER, | HON. JEROME B. SIMANDLE |
| Petitioner, | Civil No. 08-1837 (JBS) |
| v. |  |
| FEDERAL BUREAU OF PRISONS, et al., | **OPINION** |
| Respondents. |  |

**APPEARANCES**:

    MICHAEL DANTZLER, #58019-066
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320
    Petitioner Pro Se

**SIMANDLE**, District Judge

    Michael Dantzler, an inmate currently confined at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") determination that he is not eligible for the early release incentive pursuant to 18 U.S.C. § 3621(e)(2)(B) for completion of the Residential Drug Abuse Program ("RDAP"). This Court will summarily dismiss the Petition without prejudice for Petitioner's admitted failure to exhaust the BOP's Administrative Remedy Program. See 28 U.S.C. § 2243; 28 U.S.C. § 2254 Rule 4, applicable to § 2241 through Rule 1(b).

## I.  BACKGROUND

Petitioner challenges the BOP's decision that he is not eligible for the early release incentive of up to one year, pursuant to 18 U.S.C. § 3621(e)(2)(B), for completion of the RDAP.  See 18 U.S.C. § 3621(a) and (e).  Petitioner asserts the following facts.  On September 29, 2004, United States District Court Judge Harvey Bartle, III, imposed a 72-month term of imprisonment and three years of supervised release after a jury found Petitioner guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(e).  See United States v. Dantzler, Crim. No. 04-0003 (HB) (E.D. Pa. filed Jan. 6, 2004).  Petitioner is presently incarcerated at FCI Fairton with a projected release date of January 20, 2009.  He asserts that he completed the 500-hour drug treatment program but the BOP has denied the sentence reduction incentive on the ground that Petitioner was convicted of a violent crime.  Petitioner asserts that he has not exhausted available administrative remedies: "Petitioner will suffer irreparable injury by applying through the grievance procedure, so petitioner by pass a procedure which only will be futile."  (Pet., p. 3.)  Petitioner seeks the following relief: "The petitioner prays that this Honorable Court grant relief in accordance to law and order that Bureau of Prisons to grant petitioner time off on completion of the 500hr Residential Drug Treatment Program."  (Id., p. 4.)

## II.   DISCUSSION

A.   Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions
>
>     . . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner seeks not to vacate or correct his sentence, but to challenge the BOP's determination that he is not eligible for the early release incentive pursuant to 18 U.S.C. § 3621(e)(2)(B).  See Woodall v.

3

Fed. Bureau of Prisons, 432 F. 3d 235, 241-44 (3d Cir. 2005); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991); 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b (3rd ed. 1998).  Moreover, if the BOP incorrectly determined his eligibility for the early release incentive, this error carries a potential for a miscarriage of justice that can be corrected through habeas corpus.  See Murray v. Carrier, 477 U.S. 478, 495 (1986); Barden, 921 F.2d at 479.

B.  Statutory Authority

Congress requires the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse," 18 U.S.C. § 3621(b)(5).  Congress authorized such sums as may be necessary to carry out this requirement through the year 2011.  See 18 U.S.C. § 3621(e)(4).  To carry out this mandate, the statute further provides:

> (e) **Substance abuse treatment.**--
>
> **(1) Phase-in.**-In order to carry out the requirement of the last sentence of subsection (b) of this section, that every prisoner with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment, the Bureau of Prisons shall . . . provide residential substance abuse treatment (and make arrangements for appropriate aftercare) . . . for all eligible prisoners by the end of fiscal year 1997 and thereafter, with priority for such treatment accorded based on an eligible prisoner's proximity to release date.

4

Case 1:08-cv-01837-JBS   Document 2   Filed 04/24/08   Page 5 of 8 PageID: 13

18 U.S.C. § 3621(e)(1)(C).

As an incentive for successful completion of the RDAP, Congress provided: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."  18 U.S.C. § 3621(e)(2)(B); see Lopez v. Davis, 531 U.S. 230, 240 (2001) (BOP may categorically exclude inmates from eligibility for early release, subject to its obligation to interpret statute in manner that is not arbitrary and capricious, see 5 U.S.C. § 706(2)(A)).

C. Administrative Exhaustion

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241."  Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit requires administrative exhaustion of a claim raised under § 2241 for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3)

providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato v. Federal Bureau of Prisons, 98 F. 3d 757, 761-62 (3d Cir. 1996); see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

     The BOP's Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement," except tort claims, inmate accident compensation claims, and Freedom of Information or Privacy Act requests.  See 28 C.F.R. §§ 542.10, 542.12(b).  To exhaust an administrative remedy, an inmate must initially attempt to informally resolve the issue with staff by submitting a BP-8. See 28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counselor)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  See 28 C.F.R. 542.14.  The Warden is required to respond within 20 calendar days, but the inmate "may consider the absence of a response" within 20 days or 40 days, if the inmate has been informed in writing of the need for an extension, to be a denial.  Id.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the

Regional Director of the BOP within 20 days of the date the Warden signed the response.  See 28 C.F.R. § 542.15(a).  The inmate may appeal to the General Counsel in the Central Office on a BP-11 within 30 days of the date the Regional Director signed the response.  Id.  Appeal to the General Counsel is the final administrative appeal.  Id.

In this case, Petitioner asserts that he did not challenge the decision that he is not eligible for the early release incentive through the Administrative Remedy Program.  He contends that exhaustion of available relief under the Administrative Remedy Program should not be required because it would be futile, but Petitioner does not explain why exhaustion would be futile. To be sure, the United States Court of Appeals for the Third Circuit has excused failure to exhaust where the purposes of exhaustion would not be served.  See Woodall, 432 F. 3d at 239 n.2 ("We agree with the District Court that the purposes of exhaustion would not be served here by requiring Woodall to exhaust his administrative remedies [before the BOP], and we affirm on this matter"); Carmona v. United States Bureau of Prisons, 243 F. 3d 629 (2nd Cir. 2001) ("When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the [cause and prejudice] standard we adopt excuses this failure to exhaust"); Gambino, 134 F. 3d at 171 ("exhaustion is not required

7

when the petitioner demonstrates that it is futile"). However, in this case Petitioner has not shown that exhaustion would be futile. This Court will accordingly dismiss the Petition based on Petitioner's admitted failure to exhaust the Administrative Remedy Program. The dismissal is without prejudice to the filing of a new petition in the event that the BOP ultimately declines relief after exhaustion of the Administrative Remedy Program.

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus without prejudice for failure to exhaust administrative remedies available before the Bureau of Prisons.

s/ Jerome B. Simandle
**JEROME B. SIMANDLE, U.S.D.J.**

Dated: **April 24**, **2008**

8